PER CURIAM.
| iWrit granted. The ruling of the court of appeal is reversed and the decision of the Civil Service Commission is reinstated.
FACTS AND PROCEDURAL HISTORY
Officer Patrick O’Hern was employed by the New Orleans Police Department (hereinafter “NOPD”) as a classified Police Officer II. Following an investigation, the NOPD terminated Mr. O’Hern’s employment. Mr. O’Hern asserts that his termi *30 nation was unlawful because of failure to timely complete the investigation.
The investigation in question stems from the following incident. While on duty on December 12, 2009, Mr. O’Hern left his patrol assignment and went to his private vehicle. He drove to the top floor of a downtown parking garage, consumed a bottle of whiskey and ingested nearly a dozen Clonazepam (anti-anxiety) tablets. He then tasered himself and discharged his firearm over twenty times, shooting through the windshield and roof of the vehicle. Responding officers found Mr. O’Hern incapacitated and took him to a medical facility where he informed | {.personnel that he attempted to commit suicide. His blood alcohol content was 0.105%.
On the same date as the incident, Sergeant Lawrence Jones (hereinafter “Sgt. Jones”) of the NOPD Public Integrity Bureau began an investigation of Mr. O’Hern, examining possible violations of rules pertaining to his professional misconduct, performance of duty and criminal activity. Sgt. Jones issued a Form DI-1: “Initiation of a Formal Disciplinary Investigation,” which placed Mr. O’Hern on notice that his actions gave rise to a possible violation of “Rule 2: Moral Conduct; Paragraph 1: Adherence to Law,” relative to the illegal use of weapons or dangerous instrumental-ities. Pursuant to this notice, NOPD began a criminal investigation of Mr. O’Hern’s actions. On December 16, 2009, Sgt. Jones requested that Mr. O’Hern submit a criminal statement, which Mr. O’Hern refused. Mr. O’Hern was later arrested and pled nolo contedere to a violation of La. R.S. 14:94, which provides:
Illegal use of weapons or dangerous instrumentalities 'is the intentional or criminally negligent discharging of any firearm, or the throwing, placing, or other use of any article, liquid, or substance where it is foreseeable that it may result in death or great bodily harm to a human being.
On March 5, 2010, the NOPD began its administrative investigation and sent notice to Mr. O’Hern compelling an administrative statement, which took place on March 11, 2010. On April 27, 2010, Sgt. Jones sent Mr. O’Hern written notice pursuant to La. R.S. 40:2531(B)(7), outlining the sustained charges of misconduct and notifying him that the investigation was complete. Mr. O’Hern’s employment was subsequently terminated.
Mr. O’Hern appealed this decision, asserting unlawful termination for lack of cause and a violation of La. R.S. 40:2531(B)(7), on the basis that the investigation was not completed within sixty days. A hearing was held on August 4, 2011, before the Civil Service Commission (hereinafter “CSC”). The CSC | «denied Mr. O’Hern’s appeal, finding the NOPD established cause for the discipline imposed upon Mr. O’Hern and that the NOPD did not violate La. R.S. 40:2531 (B)(7).
Mr. O’Hern appealed the decision of the CSC, asserting the CSC erred in affirming the NOPD’s disciplinary action. The Fourth Circuit originally affirmed the decision of the CSC, finding no merit in Mr. O’Hern’s four assignments of error. On rehearing, however, the court of appeal reversed its decision and that of the CSC, finding the formal investigation exceeded the sixty-day time limit and this finding pretermitted discussion of the remaining issues.
The NOPD filed the instant writ application asserting the sixty-day time limit does not apply to the facts of this case because the investigation at issue involved allegations of criminal activity. The NOPD asserts that investigations of alleged criminal activity are not limited by the time delays *31 set forth in La. R.S. 40:2531(B)(7), which time delays only apply to investigations that do not involve criminal activity.
DISCUSSION
On the day of the incident, the investigating officer initiated a formal DI-1: “Initiation of a Formal Disciplinary Investigation,” because Mr. O’Hern’s actions gave rise to a possible violation of “Rule 2: Moral Conduct; Paragraph 1: Adherence to Law,” pertaining to the illegal use of weapons or dangerous instrumentalities. The plaintiff contends this marked the beginning of an administrative investigation, which according to La. R.S. 40:2531(B)(7), must be completed within sixty days, unless an extension is granted.
The language found in La. R.S. 40:2531 provides that an investigation shall be initiated within fourteen days of a formal complaint and, unless involving allegations of criminal activity, must be completed within sixty days. Specifically, the statute provides: “[e]xcept as otherwise provided in this Paragraph, each | investigation of a police employee or law enforcement officer which is conducted under the provisions of this Chapter shall be completed within sixty days ...” However, the statute further states, “ ... nothing in this Paragraph shall limit any investigation of alleged criminal activity.”
Mr. O’Hern asserts the manner in which the administrative investigation was conducted constituted a violation of La. R.S. 40:2531 because he was an officer “under investigation facing possible disciplinary action, demotion, or dismissal.” La. R.S. 40:2531(C). Thus, Mr. O’Hern contends the NOPD’s argument that the initial investigation was a criminal investigation tolling the sixty-day rule is inapplicable in this case because a criminal investigation does not result in disciplinary actions, but an administrative investigation does. On the other hand, the NOPD contends the initial investigation, which began on the date of the incident, was a criminal investigation and the administrative investigation did not begin until March 5, 2010, when the criminal investigation was converted into an administration investigation.
The plain language of the statute suggests a criminal investigation is distinct from a civil administrative investigation. At the CSC hearing, Sgt. Jones testified that because of the incriminating circumstances of the incident, a criminal investigation was required prior to an administrative investigation to determine whether Officer O’Hern was to be prosecuted by the District Attorney. Based on the criminal investigation conducted by Sgt. Jones, Mr. O’Hern was arrested and, upon release, was placed on desk duty by the NOPD so that the administrative investigation could begin. Therefore, it is clear the administrative investigation did not begin until March 5, 2010, when the NOPD informed Mr. O’Hern that his statement was required to initiate the administrative investigation. As stated above, La. R.S. 40:2531(B)(7) provides that nothing must interfere with a criminal investigation.
1 ¿Furthermore, jurisprudence establishes that a criminal investigation tolls the time limit for the administrative investigation. In Franklin v. Department of Police, 2010-1581 (La.App. 4 Cir. 4/6/11), 66 So.3d 87, (unpub’d) writ denied, 69 So.3d 1157, (La.9/23/11), the Fourth Circuit affirmed a finding of the CSC, which upheld the termination of an officer. In that case, the court found an administration investigation did not begin until the completion of a criminal investigation, and ended when the investigating officer submitted a request for a pre-disciplinary hearing, which was -within the required sixty-day period. Id.
*32 Importantly, the court in Franklin referred to Wyatt v. Harahan Municipal Fire and Police Civil Service Board, 06-81, (La.App. 5 Cir. 7/25/06); 935 So.2d 849, wherein an officer was terminated from the Harahan Police Department .due to disciplinary actions for his failure to report an accident timely, misuse of sick time, and submission of a false police report. The officer appealed his termination alleging, as in this case, that the disciplinary investigation took more than sixty days. The Fifth Circuit sustained the termination, finding no violation of the statute because the preliminary investigation was an inquiry into “criminal activity” not governed by the sixty day rule, and the subsequent disciplinary investigation was completed within sixty days. Id.
Upon rehearing, the court of appeal in this case found Wyatt did not apply because of amendments made to the statute at issue in 2007, subsequent to the Fifth Circuit decision in Wyatt. We find, however, the amendments did not affect the language of the statute pertaining to the exception for investigations into criminal activity. In 2007, the legislature added to La. R.S. 40:2531 the requirement that an investigation commence within fourteen days of the conduct being investigated. The legislature also added Subsection (C), which provides that failure to adhere to the standards set forth in Subsections (A) and (B), with respect to an officer “under investigation facing possible disciplinary action, demotion, or | ^dismissal,” would render the disciplinary action taken absolutely null. We find the standards set forth in the statute were not violated and therefore, the disciplinary action taken is not rendered absolutely null. Moreover, we note the language found in the last sentence of Subsection (B) pertaining to the exception for criminal investigations was added in 2001, prior to the court’s decision in Wyatt. Further, we note Franklin was decided after the amendments and is therefore applicable.
Additionally, the court of appeal relied on this court’s recent decision to deny the NOPD’s writ application in Robinson v. Department of Police, 2012-1039 (La-App. 4 Cir. 1/16/13), 106 So.3d 1272, writ denied, 2013-0528 (La.4/12/13), 110 So.3d 1081. In Robinson, the CSC found an administrative investigation may be converted into a criminal investigation, thus tolling the sixty-day time period pending completion of the criminal investigation. The Fourth Circuit reversed and this court denied the writ application. We note, however, it is well established that a denial of writ has no precedential value. Giorgio v. Alliance Operating Corp., 05-002, n. 22 (La.1/19/06), 921 So.2d 58 quoting Long v. State of Louisiana, Through the Department of Transportation and Development, 04-0485, p. 4, n. 7 (La.6/29/05), 916 So.2d 87. Therefore, the Fourth Circuit erred in relying on this court’s writ denial in Robinson.
We also believe the court of appeal erred in relying on Cornelius v. Department of Police, 2009-1459 (La-App. 4 Cir. 6/9/10) 41 So.3d 617. In that case, the court found that instead of a formal investigation, an informal DI-3 investigation was opened immediately after a complaint was made and only when the informal investigation was completed and closed was the formal investigation initiated, which Officer Cornelius argued violated the sixty-day rule. We note, however, the investigation at issue in this case was a formal investigation, evidenced- by the Form DI-1 completed on the date of the incident.
17Further, we have previously recognized the NOPD is responsible for taking disciplinary action against an employee who has impaired the efficiency of *33 public service. See Bannister v. Dept. of Streets, 95-0404, p. 7 (La.1/6/96), 666 So.2d 641, 646; Newman v. Department of Fire, 425 So.2d 753 (La.1983). In this case, Mr. O’Hern acted under the influence of alcohol and prescription medication, which interfered with performance of his job duties and impaired the efficiency of public service. Likewise, we note the Civil Service Commission has the exclusive power and authority to hear and decide all removal and disciplinary cases. The Commission’s decision is subject to review on any question of law or fact upon appeal to the court of appeal. La. Const. art X, § 12(B). Review by appellate courts of the factual findings in a civil service case is governed by the manifest error or clearly wrong standard. Moore v. Ware, 2001-3341 (La.2/25/03), 839 So.2d 940, 945-946; Russell v. Mosquito Control Bd., 2006-0346, pp. 7-8 (La.App. 4 Cir. 9/27/06), 941 So.2d 634, 639-640. Further, mixed questions of fact and law should be accorded great deference by appellate courts under the manifest error standard of review. Russell, 941 So.2d at 639-640.
The CSC specifically found the preliminary investigation was a criminal investigation. The facts in this particular case support the findings of the CSC and we cannot say the CSC was manifestly erroneous or clearly wrong. Sgt. Jones initially requested a criminal statement and the defendant was ultimately charged with a criminal violation. Because the statute specifically provides that nothing shall limit an investigation involving alleged criminal activity, the sixty-day period within which to complete an investigation did not begin until the start of the administrative investigation, and was completed within sixty days.
Under the circumstances of this case, and for the reasons discussed above, we find the court of appeal erred in reversing the decision of the Civil Service Commission. Accordingly, the court of appeal’s decision on rehearing is reversed Rand the court’s finding on original hearing, wherein the CSC decision was affirmed, is hereby reinstated.
DECREE
For the foregoing reasons, we reverse the judgment of the Court of Appeal and reinstate the decision of the Civil Service Commission.
REVERSED AND RENDERED.
VICTORY, J., concurs in the result.