SANDRA CABRINA JENKINS, Judge.
liThe New Orleans Department of Police terminated Officer Keyalah Bell following a disciplinary investigation that determined that she was driving while intoxicated, crashed into a parked vehicle, fled the scene of the accident, and returned only after the owner of the damaged vehicle tracked her down. The Civil Service Commission granted Bell’s appeal, and overturned the New Orleans Department of Police’s termination decision based solely on the Department’s failure to complete its disciplinary investigation within the sixty-day time period set forth under La. R.S. 40:2531(B)(7). For the reasons set forth in O’Hern v. New Orleans Police Dep’t, 13-1416 (La.11/8/13), 131 So.3d 29, the ruling of the Civil Service Commission is reversed.
BACKGROUND
Officer Keyalah Bell, was arrested in the early morning hours of May 6, 2011, for driving while intoxicated in violation of La. R.S. 14:98, and for hit and run driving, in violation La. R.S. 14:100. At the time of the incident, Bell was employed by the New Orleans Department of Police (hereinafter also referred to as “Department”) as a police officer with permanent status. It is undisputed that she had been drinking prior to the time that she crashed her personal vehicle into a 12parked car owned by Jocelyn Owens. Witnesses were interviewed and reported that Officer Bell initially left the scene of the accident, and returned only after Ms. Owens located her a few blocks away and asked her to return. *873 One of Ms. Owens’ neighbors, Cheryl Ver-nado, specifically recalled observing Officer Bell exit her vehicle, inspect the damage while holding her mouth, get back into her vehicle, and drive away. In addition, the officer who arrived on the scene detected a strong odor of alcohol emitting from Officer Bell’s breath.
The Department avers that an administrative investigation was launched and that field sobriety and breathalyzer tests were administered because Officer Bell initially refused to submit to a breathalyzer test as part of the criminal investigation. At the time the tests were performed, Officer Bell’s blood alcohol content level was determined to be 0.153g% — nearly twice the legal limit. The Department’s Form DI-1, entitled “Initiation of a Formal Disciplinary Investigation,” was completed on May 9, 2011; however, the Department maintains that the administrative investigation did not continue until Officer Bell received a nolle prosequi from traffic court on October 3, 2011. Thereafter, the Department’s investigator requested and received a 60-day extension of time to complete the investigation. The investigation was completed on November 9, 2011.
During the course of the investigation, Officer Bell gave an administrative statement admitting that her consumption of alcoholic beverages impaired her ability to drive. In the statement, Officer Bell admitted to going out and drinking with friends. On the way home, she said she was involved in an accident and hit her head. Officer Bell denied fleeing the scene and rather stated that she pulled Lover and stopped at the location where her vehicle rested. She also claimed to have no recollection of how her car ended up two blocks away.
Office Bell received a disciplinary letter from Department Superintendent Ronel W. Serpas dated July 31, 2012, advising that the Department’s internal investigation determined that she violated Rule 2: Moral Conduct, paragraph 1 — Adherence to Law to wit: La. R.S. 14:100 relative to Hit and Run. Rule 2 states:
Employees shall act in accordance with the constitutions, statutes, ordinances, administrative regulations, and the official interpretations thereof, of the United States, the State of Louisiana, and the City of New Orleans.... Neither ignorance of the law, its interpretations, nor failure to be physically arrested and charged, shall be regarded as a valid defense against the requirements of this rule.
Based on her statement, the Department also concluded that Officer Bell’s conduct violated Rule 3: Professional Conduct, paragraph 9, Use of Alcohol/Drugs Off Duty (Category 3), which states in pertinent part:
An employee while off duty shall refrain from consuming intoxicating beverages ... to the extent it results in impairment, intoxication, obnoxious or offensive behavior that discredits him/her, [or] the Department....
Officer Bell was dismissed as a result of these two sustained violations. Although Officer Bell was also investigated for an additional violation of Rule 2, relative to driving while intoxicated, no action was taken with regard to this violation because it was determined to be duplicative of the first Rule 2 violation for hit and run.
Officer Bell timely appealed the Department’s termination decision to the Civil Service Commission for the City of New Orleans (hereinafter also referred to as “Commission”). A two-day hearing was held wherein testimony was obtained from the investigating officers and from Superintendent Serpas. In connection |4with the hearing, Officer Bell complained that she had been disciplined more severely than *874 similarly situated officers.[1] She also argued that there was insufficient evidence to prove that she committed the crime of hit and run in violation of La. R.S. 40:100 because all criminal charges related to the incident had been dismissed, and because the Department could not satisfy its burden of proving that she had the requisite criminal intent to commit the crime of hit and run where there was evidence that she suffered a head injury and did not know why her car traveled from the scene of the collision, that she personally called the police department following the accident, and that there was no party injured at the scene to render assistance to.
Officer Bell further argued in post-hearing briefs that the Department’s investigation was untimely under Robinson v. Dep’t of Police, 12-1039 (La.App. 4 Cir. 1/16/13), 106 So.3d 1272 because it was not completed within 60 days as required by La. R.S. 40:2531(B)(7).[2]
The Civil Service Commission granted Officer Bell’s appeal and reversed the Department’s decision to terminate her employment based solely on untimeliness argument. Relying almost verbatim on the Hearing Examiner’s findings, the Civil Service Commission issued its final decision on July 2,1013, concluding:
The Appointing Authority failed to complete its administrative investigation within the statutory time period. The investigation began |aon May 9, 2011 and ended on November 9, 2011. Thus, we are compelled to grant the Appellant’s appeal based upon the Appointing Authority’s failure to follow the requirements of La. R.S. 40:2531.
It is from this decision that the Department now appeals.
STANDARD OF REVIEW
A police officer who has gained permanent status shall not be subjected to disciplinary action except for cause expressed in writing. Narcisse v. Dep’t. of Police, 12-1267, p. 7 (La.App. 4 Cir. 3/06/13), 110 So.3d 692, 696; La. Const. art. X, § 8(A); La. Const. art. X, § 1(B). As the “appointing authority,” the Department is “charged with the operation of [its] department and it is within [its] discretion to discipline an employee for sufficient cause.” Pope v. New Orleans Police Dep’t, 04-1888, p. 6 (La.App. 4 Cir. 4/20/05), 903 So.2d 1, 4. “Legal cause exists whenever an employee’s conduct impairs the efficiency of the public service in which the employee is engaged.” Id., 04-1888 at p. 6, 903 So.2d at 5 (quoting Cittadino v. Dep’t of Police, 558 So.2d 1311, 1315 (La.App. 4th Cir.1990)). The burden of proving such impairment rests with the appointing authority. Cittadino, 558 So.2d at 1315.[3]
When a disciplinary action is appealed to the Civil Service Commission, the Commission “has a duty to decide independently from the facts presented whether the appointing authority has a good or lawful cause for taking disciplinary *875 action and, if so, whether punishment is commensurate with the dereliction.” Whitaker v. New Orleans Police Dep’t, 03-0512, p. 2 (La.App 4 Cir. 9/17/03), 863 So.2d 572, 574. The Commission, however, is not charged with such discipline and its authority to reduce a penalty can only be exercised if there i^insufficient cause for imposing the greater penalty. Pope, 04-1888, pp. 5-6, 903 So.2d at 4.
In Russell v. Mosquito Control Bd., 06-0346, pp. 7-8 (La.App. 4 Cir. 9/27/06), 941 So.2d 634, 639-40, this Court outlined the standard we use to review the findings of the Civil Service Commission as follows:
First, the review by appellate courts of the factual findings in a civil service case is governed by the manifest error or clearly erroneous standard. Second, when the Commission’s decision involves jurisdiction, procedure, and interpretation of laws or regulations, judicial review is not limited to the arbitrary, capricious, or abuse of discretion standard. Instead, on legal issues, appellate courts give no special weight to the findings of the trial court, but exercise their constitutional duty to review questions of law and render judgment on the record. A legal error occurs when a trial court applies the incorrect principles of law and such errors are prejudicial. Finally, a mixed question of fact and law should be accorded great deference by appellate courts under the manifest error standard of review. (Internal citations omitted).
The question of whether the Commission erred in its construction and application of the sixty-day deadline set forth in La. R.S. 40:2531(B)(7) involves an interpretation of law and is therefore subject to de novo review.
LAW AND ANALYSIS
 The Department argues on appeal that its investigation was completed timely pursuant to La. R.S. 40:2531(B)(7) as interpreted by the Louisiana Supreme Court’s in O’Hern v. New Orleans Police Dep’t, 13-1416 (La.11/8/13), 131 So.3d 29— a case decided four months after the Commission’s ruling and which overruled Robinson v. Dep’t. of Police, supra. The Department also argues that the Commission erred in considering Officer Bell’s untimeliness argument which was 17raised for the first time in post-hearing briefs,[4] and in failing to conduct an independent analysis and review transcripts, evidence and post hearing briefs as required by law.[5] We first address the issue of timeliness under La. R.S. 40:2531(B)(7).
In the present situation, the Commission’s ruling indicates that it reversed the Department’s decision to terminate Officer Bell based solely on its finding that the Department’s administrative investigation took more than 60 days and was therefore untimely under La. R.S. 40:2531. Louisiana Revised Statute 40:2531(B)(7) governs police officer investigations and states in pertinent part:
When a formal and written complaint is made against any police employee or law enforcement officer, the superintendent of state police or the chief of police or his authorized representative shall initi *876 ate an investigation within fourteen days of the date the complaint is made. Except as otherwise provided in this Paragraph, each investigation of a police employee or law enforcement officer which is conducted under the provisions of this Chapter shall be completed within sixty days.... The investigation shall be considered complete upon notice to the police employee or law enforcement officer under investigation of a pre-disciplinary hearing or a determination of an unfounded or unsustained complaint. Further, nothing in this Paragraph shall limit any investigation of alleged criminal activity.
(Emphasis added).
Since the Commission’s ruling, the Louisiana Supreme Court has clarified the applicability of La. R.S. 40:2531(B)(7) to Department investigations into allegations of criminal conduct. In O’Hem, supra, the Supreme Court construed |sthe phrase in the last sentence of Section 2531(B)(7) which states, “nothing in this Paragraph shall limit any investigation of alleged criminal activity,” to mean that “nothing must interfere with a criminal investigation.” O’Hern, 13-1416, p. 4, 131 So.3d at 31 (Emphasis in original). The Court also recognized jurisprudence establishing that “a criminal investigation tolls the time limit for the administrative investigation.” Id., p. 5, 131 So.3d at 31. (Internal citations omitted).
In O’Hem, another officer with the New Orleans Police Department was terminated after an investigation revealed that he drove to the top of a parking garage, downed a bottle of whiskey and nearly a dozen pills, tasered himself, and discharged his weapon over 20 times, all while on duty. O’Hern, 13-1416, p. 1, 131 So.3d at 30. The incident occurred on December 12, 2009, and the Public Integrity Bureau issued a Form DI-1[6] on the same day, placing the officer on formal notice that his actions constituted a possible violation of Rule 2: Moral Conduct, paragraph 1, Adherence to Law. Id., p. 2, 131 So.3d at 30. The officer was arrested and pled guilty, and on March 5, 2010, the Department “converted” its criminal investigation into an administrative investigation which concluded on April 27, 2010. Id., pp. 2, 4, 131 So.3d at 30-31. According to the Court, because the facts supported a finding that the investigation was initially criminal in nature, and because the statute “specifically provide[d] that nothing shall limit an investigation involving alleged criminal activity,” the sixty-day period to complete the investigation did not begin until the investigation began administrative and was therefore timely completed within sixty days. Id., p. 7, 131 So.3d at 33.
|flThe Louisiana Supreme Court recently reaffirmed its holding in McMasters v. Dep’t of Police, 13-2634 (La.3/7/14), 2014 WL 886020 (per curiam), wherein it concluded that an investigation into allegations of false imprisonment, failing to properly verify arrest record, and signing a false affidavit was “clearly an investigation of alleged criminal activity. Therefore, the sixty-day time period of La. R.S. 40:2531[did] not apply.” Id. (citing O’Hern, supra).
It is undisputed that that Officer Bell was at all times under investigation by the Department for allegedly driving while intoxicated and for being involved in a hit and run. These allegations involve alleged conduct that is indisputably criminal in nature. Therefore, for the reasons stated in O’Hern, the sixty-day time period set forth in La. R.S. 40:2531(B)(7) could not *877 begin to toll until the criminal proceedings were complete. Thus, based on our de novo review, we find that the Commission erred in relying on La. R.S. 40:2531(B)(7) as its basis for granting Officer Bell’s appeal.
The Louisiana Constitution grants the Civil Service Commission “the exclusive power and authority to hear and decide all removal and disciplinary cases.” O’Hern, 13-1416 p. 7, 131 So.3d at 33 (citing La. Const. art X, § 12(B)). This includes the authority to modify, reverse, or affirm a penalty. Pope, 04-1888, p. 5, 903 So.2d at 4. Because the Civil Service Commission granted Officer Bell’s appeal solely on procedural grounds, without reaching a decision on the merits of the Department’s findings, we pretermit discussion of the issues raised by the Department’s remaining assignments of error.
J^DECREE
For the reasons discussed herein, the July 2, 2013 Judgment of the Civil Service Commission is reversed, its order to reinstate Officer Bell’s employment is vacated, and this matter is remanded back to the Commission for further proceedings on the merits of Officer Bell’s appeal.
REVERSED, VACATED AND REMANDED.

. Officer Bell contends that she was treated more harshly than other officers in the Department because of her role as a witness for the prosecution in the case against fellow officers related to the cover-up of Henry Glover's shooting death.

. In Robinson, supra, this Court relying on former jurisprudence held that a criminal investigation into officer conduct did not suspend the sixty-day period to complete an administrative investigation under La. R.S. 40:2531(B)(7).

.See also, Bannister v. Dep't of Streets, 95-0404, p. 7 (La. 1/16/96), 666 So.2d 641, 646, (wherein the Louisiana Supreme Court recognized the appointing authority's responsibility to take disciplinary action against an employee for impairing the efficiency of public service).

. We note that this assignment of error was not briefed by the Department. Assignments of error that are neither briefed nor argued on appeal are considered abandoned. State v. Foy, 439 So.2d 433 (La.1983); Uniform Rules, Courts of Appeal, Rule 2-12.4(B)(4) (“All assignments of error and issues for review must be briefed. The court may consider as abandoned any assignment of error or issue for review which has not been briefed”).

. These issues were raised by five separate assignments of errors that are summarized herein for ease of discussion.

. The Court explained that the Department’s Form DI-1 evidenced the existence of a "formal” investigation, rather than an informal one. O'Hern, 13-1416, p. 6, 131 So.3d at 32.