JENNIFER DUPREE

VERSUS

NEW ORLEANS POLICE
DEPARTMENT

\* \* \* \* \* \* \*

* NO. 2021-CA-0134

* COURT OF APPEAL

* FOURTH CIRCUIT

* STATE OF LOUISIANA

APPEAL FROM
CITY CIVIL SERVICE COMMISSION ORLEANS
NO. 9114
\* \* \* \* \* \*
**Judge Roland L. Belsome**
\* \* \* \* \* \*
(Court composed of Judge Edwin A. Lombard, Judge Roland L. Belsome, Judge
Rosemary Ledet)

Kevin Vincent Boshea
ATTORNEY AT LAW
2955 Ridgelake Drive, Suite 207
Metairie, LA 70002


        COUNSEL FOR PLAINTIFF/APPELLEE


Elizabeth Robins
DEPUTY CITY ATTORNEY
Renee Goudeau
ASSISTANT CITY ATTORNEY
Donesia D. Turner
SENIOR CHIEF DEUPTY CITY ATTORNEY
Sunni J. LeBeouf
CITY ATTORNEY


        COUNSEL FOR DEFENDANT/APPELLANT

                                      **AFFIRMED**
                                      **OCTOBER 27, 2021**

RLB
EAL
RML

In this appeal, the New Orleans Police Department (NOPD or "appointing authority") seeks review of the Civil Service Commission's (CSC) decision to reverse the discipline imposed on Lieutenant Jennifer Dupree for submitting false and inaccurate information in reference to her mileage and gas usage. For the reasons that follow, the CSC's decision is affirmed.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Starting on July 17, 2018, Lieutenant Dupree submitted false and inaccurate mileage from her vehicle's odometer in order to circumvent the NOPD's forty-mile limit on take-home vehicles. On August 23, 2018, the NOPD received an anonymous tip concerning a number of officers improperly using their take-home vehicles. The Public Integrity Bureau (PIB) drafted a formal, written complaint on December 28, 2018. The NOPD initiated a formal investigation on January 11, 2019. The CSC subsequently granted the NOPD a sixty-day extension to complete its investigation.

1

On May 8, 2019, the NOPD provided Lieutenant Dupree a "Notice to Accused," in conjunction with an investigation conducted by Captain Regina Williams. On August 2, 2019, Commander Sabrina Richardson submitted a "cover letter" to Williams' investigative report. After a pre-termination hearing, Lieutenant Dupree was terminated on November 6, 2019. The termination letter largely adopted the reasons provided in Commander Richardson's "cover letter." The discipline consisted of an oral reprimand, a 120-day suspension, and a dismissal from services for three violations.[1]

After receiving her notice of termination, Lieutenant Dupree appealed to the CSC. After a hearing on the merits, the Hearing Examiner submitted a detailed report recommending reinstatement. While the CSC upheld the disciplinary action, it found that the NOPD did not timely complete its investigation in accordance with La. R.S. 40:2532(B)(7). As a result, the CSC found that the discipline imposed was an absolute nullity and ordered the NOPD to reinstate Lieutenant Dupree with back pay and emoluments retroactively to the date of her termination. The NOPD appealed.

**STANDARD OF REVIEW**

Once the appointing authority imposes discipline on an employee, the employee has a right to seek an appeal from the CSC. The CSC has the authority to hear and decide all disciplinary cases. La. Const. art. X, §12. On appeal, the

---

[1] The specifically enumerated violations included: 1) NOPD Rule 6, Paragraph 6, False and Inaccurate Reports; 2) NOPD Rule 4, Performance of Duty, Paragraph 2, Instructions from an Authorative Source; and 3) NOPD Rule 4, Neglect of Duty, Paragraph 4 (Vehicle Fueling).

CSC "has a duty to decide independently from the facts presented whether the appointing authority has a good or lawful cause for taking disciplinary action." *Whitaker v. New Orleans Police Dep't*, 03-0512, p. 2 (La.App. 4 Cir. 9/17/03), 863 So.2d 572, 574.

This Court reviews the CSC's findings of fact under a clearly wrong or manifest error standard. *Liang v. Dep't of Police,* 13-1364, p. 8 (La.App. 4 Cir. 8/20/14), 147 So.3d 1221, 1225. However, issues of law are subject to *de novo* review; and all other questions are subject to reversal if the decision was arbitrary, capricious, or characterized by an abuse of discretion. *Walters v. Dep't of Police of City of New Orleans*, 454 So.2d 106, 114 (La. 1984).

## DISCUSSION

On appeal, the NOPD contends that the CSC erred in finding that the NOPD did not timely complete its investigation and in applying *Pozzo v. Dept. of Police*, 18-0832 (La.App. 4 Cir. 4/13/19), 267 So.3d 1148. The NOPD maintains that its investigation did not exceed the sixty-day time limit set forth in La. R.S. 40:2531(B)(7)[2] and, for that reason, the imposed discipline was timely and appropriate.

---

[2] La. R.S. 40:2531(B)(7) provides as follows:

> When a formal, written complaint is made against any police employee or law enforcement officer, the superintendent of state police or the chief of police or his authorized representative shall initiate an investigation within fourteen days of the date the complaint is made. Except as otherwise provided in this Paragraph, each investigation of a police employee or law enforcement officer which is conducted under the provisions of this Chapter shall be completed within sixty days. However, in each municipality which is subject to a Municipal Fire and Police Civil Service law, the municipal police department may petition the Municipal Fire and Police Civil Service Board for an extension of the time within which to complete the investigation. The board shall set the matter for hearing and shall provide notice of the hearing to the police employee or law enforcement officer

It is well established that the appointing authority begins its investigation under La. R.S. 40:2531(B)(7) on the date it initiates the DI-1 form. *Abbott v. New Orleans Police Dep't*, 14-0993, p. 17 (La.App. 4 Cir. 2/11/15), 165 So.3d 191, 202-03. Further, the statute expressly mandates that "[t]he investigation shall be considered complete upon notice to [the police officer] ... under investigation of a pre-disciplinary hearing or a determination of an unfounded or unsustained complaint." La. R.S. 40:2531(B)(7).

At the CSC hearing, the evidence established that the investigation started on January 11, 2019, the date the DI-1 form was issued. Then, the NOPD received a sixty-day extension, until May 9, 2019, in which to complete its investigation. The NOPD's "Notice to Accused," completed by Captain Williams, was provided to Lieutenant Dupree on May 8, 2019. The time that elapsed between the date the investigation began and the notice to Lieutenant Dupree did not exceed sixty days. However, Captain Williams' investigative report, which was submitted in association with the notice, was not approved by her supervisor, Deputy Superintendent Arlinda Westbrook. As a result, Deputy Superintendent Westbrook submitted the case to Commander Richardson to perform a separate review of

who is under investigation. The police employee or law enforcement officer who is under investigation shall have the right to attend the hearing and to present evidence and arguments against the extension. If the board finds that the municipal police department has shown good cause for the granting of an extension of time within which to complete the investigation, the board shall grant an extension of up to sixty days. Nothing contained in this Paragraph shall be construed to prohibit the police employee or law enforcement officer under investigation and the appointing authority from entering into a written agreement extending the investigation for up to an additional sixty days. The investigation shall be considered complete upon notice to the police employee or law enforcement officer under investigation of a pre-disciplinary hearing or a determination of an unfounded or unsustained complaint. Nothing in this Paragraph shall limit any investigation of alleged criminal activity.

4

Captain Williams' investigative report.[3]  On August 2, 2019, Commander Richardson submitted a "cover letter" to Captain Williams' report, which provided additional charges, an additional analysis, and different reasons in support of the disciplinary conclusions.  The termination letter largely adopted the reasons provided in the cover letter.

The statute provides for three exceptions to the sixty-day rule.  First, the NOPD can petition the CSC for an extension, and upon a showing of "good cause" the CSC may grant such a continuance of time to complete their investigation. La. R.S. 40:2531(B)(7). The second exception allows the police officer under investigation and the CSC to enter into a written agreement to extend the investigation up to sixty days.  *Id.*  Lastly, the sixty-day limitation does not apply when the investigation is one of alleged criminal activity. *Id.; see also O'Hern v. Dept. of Police*, 13-2634, pp. 3-4 (La. 2/28/14), 131 So.3d 29, 31.

Here, the issue centers on whether the August 2, 2019 "cover letter" constituted a continuation of the investigation in violation of the sixty-day time restraint.  In its decision, the CSC found that while Commander Richardson and Captain Williams reached similar conclusions, Commander Richardson "expanded the number of counts against [Lieutenant Dupree], provided additional fuel consumption analysis, and gave [her] own reasons for the … discipline and ultimate dismissal/termination."  Relying on the additional details provided the

---

[3] Commander Richardson replaced Captain Williams in her role at the PIB when she was promoted to another position.  Commander Richardson testified that Deputy Superintendent Westbrook requested that she review the case relative to the investigation and disposition.

August 2, 2019 cover letter and this Court's ruling in *Pozzo*, *supra*, the CSC held that the investigation was not timely completed by the May 9, 2019 deadline. We agree.

In *Pozzo*, this Court found that the investigation by the appointing authority of Mr. Pozzo was non-compliant with the sixty-day standard set forth in La. R.S. 40:2531(B)(7). *Pozzo*, 18-0832, p. 11 (La.App. 4 Cir. 4/3/19), 267 So.3d 1148, 1156. Mr. Pozzo was terminated for domestic abuse. *Pozzo*, 18-0832, p. 2, 267 So.3d at 1150. His PIB investigation began on the day of the incident and resumed after his criminal trial ended. *Pozzo*, 18-0832, p. 4, 267 So.3d at 1152. The investigating officer timely submitted the written investigative report. *Id.* However, after the expiration of the sixty-day time limit, the officer added a trial transcript to her report. *Id.* Additionally, her supervising officers did not approve the report with their signatures until after the time limit expired. *Id.* Recognizing that "allowing the NOPD to add exhibits and details to its investigation following a notice to an accused officer would essentially render the sixty-day deadline moot[,]" this Court vacated the CSC's denial of Mr. Pozzo's appeal and declared the discipline imposed an absolute nullity. *Pozzo*, 18-0832, pp. 9-10, 267 So.3d at 1155-56.

Similarly, in this case, Captain Williams timely submitted her investigative report. However, her supervisors did not approve the report with their signatures. A supplemental report ("cover letter") was issued by Commander Richardson after the expiration of the sixty-day time limit. This supplemental report was approved

by the supervising officers after the sixty-day time limit expired and formed the basis for termination. Like *Pozzo*, the investigation in this case continued beyond the sixty-day deadline.

Under these circumstances, the CSC did not err in applying *Pozzo* to the facts of this case. Accordingly, the CSC was correct in finding the NOPD failed to comply with the sixty-day time limit to complete its investigation. For these reasons, the decision of the CSC is affirmed.

**AFFIRMED**